UNION BANK *versus* JOHN C. HUMPHREYS.
Same *versus* ALFRED J. STONE.

A notarial protest which states that the notary "made notices to all the indorsers," which he "caused to be left at their dwellinghouses," is not sufficient evidence of notice to charge the indorsers of a promissory note.

On Report. Both cases presented the same questions, and the facts are sufficiently stated in the opinion of the Court.

*Gilbert & Rogers,* for plaintiffs.

*Barrows,* for defendants.

Union Bank *v.* Humphreys.

The opinion of the Court was drawn up by

APPLETON, J. — The defendant is sued as indorser. He claims to be discharged because he was never notified of the dishonor of the note. The only evidence on this subject is the notarial protest, which states that the notary "made notices to all the indorsers," which he "caused to be left at their dwellinghouses." It is for the plaintiffs affirmatively to establish the facts necessary to charge the defendant as indorser. What the notices contained, and whether sufficient or not to charge an indorser, is left entirely to conjecture. The plaintiffs neither asked for leave for the notary to amend his protest, nor offered to prove that the notices sent contained the proof of the dishonor of the note. Upon the evidence offered the defendant is not liable.

In *Lewiston Bank* v. *Leonard,* 43 Maine, 144, the Court were satisfied, from the facts proved, but which are not fully referred to or set forth in the opinion, that the defendant had been seasonably notified of the dishonor of the note. In the present case, the evidence entirely fails to establish that fact.

According to the agreement of the parties,

*The case is to stand for trial.*

TENNEY, C. J., RICE, GOODENOW, DAVIS and KENT, JJ., concurred.

NOTE by KENT, J. — This case is distinguished from the case of *Lewiston Falls Bank* v. *Leonard,* 43 Maine, 144, in several particulars. In that case the notary certified that he made a demand on the promisors, and that payment was refused, and "that said notes remaining unpaid, he *duly* notified the indorsers by written notices sent them by mail," &c. The words "duly notified," might reasonably be construed to mean something more than the naked words used in this case. An indorser could not be said to be *duly* notified, unless he had notice of demand and non-payment.

In that case, it also appeared in the testimony of the cashier, that the notarial notices to the indorsers were sent to him, and that they were "notices of non-payment and requiring payment," and that he sent them by mail to the indorsers. In that case, it also appeared that the notice sent to the defendant was in the possession of his daughter, who acted as his agent to take letters from the post-office.

Under these circumstances, the Court, having the power to draw inferences, were satisfied that the plaintiffs had, *prima facie,* proved *due* notice.

In this case, if the certificate of the notary that he caused notices to be left at the house, is sufficient evidence of the fact stated, which may perhaps be doubtful, in the absence of the testimony of the person who left it, yet it does not show with certainty that the notice ever came into the actual possession of the defendant, or that it is now in existence, and could be produced on notice.

No inference as to the contents, based on non-production, could therefore be raised in this case.